**STATE, Plaintiff, v. KEARNS and SELBY, Defendants.**

Common Pleas Court, Franklin County.

Nos. 34975, 34978 and 34980.   Decided February 10, 1955.

Robert E. Albright, Justin L. Sillman, R. Rush Warren, Columbus, for the State of Ohio.

James E. Britt, Milton L. Farber, John J. Chester, Columbus, for defendants.

**OPINION**

By BARTLETT, J.

THE PREVIOUS RULING OF THE COURT IS ADHERED TO, ORDERING COUNSEL FOR THE STATE TO FURNISH DEFENDANTS A BILL OF PARTICULARS IN THE ABOVE CASES IN ACCORDANCE WITH §2941.07 R. C.

The Court ordered the bill of particulars in the above cases at the request of the defendants.

Later the Court received memoranda of counsel for the state opposing such request, and a communication from such counsel that the Court had acted prematurely in making such an order.

Technically counsel for the state are probably correct. The Court ordered the bill of particulars furnished the defendants previous to the receipt of memoranda of counsel for the state, since it is a fundamental rule that the furnishing of such bill when requested or ordered by the Court, is mandatory under the statute providing for such bill of particulars; and also, with the thought that an order to furnish such bill of particulars, would facilitate matters in these cases, as counsel for the defendants would still have the right to file their motions to quash the indictments in question, even where a bill of particulars had been furnished.

"2. The bill of particulars which by the terms of the proviso to §13437-6 GC, the prosecuting attorney must furnish upon seasonable request by the defendant, or upon order of court, contemplates something over and above the mere essentials of the averments necessary to state an offense and something further and more specific than is set forth in the forms of indictments prescribed by the statute.

"3. A defendant charged with murder by an indictment couched in the language of §13437-6 GC, upon seasonable demand, is entitled to a bill of particulars setting out the ultimate facts upon which the state expects to rely in establishing its case, and the state upon supplying such bill should be restricted in its proof to the indictment and the particulars as set forth in the bill." State v. Collett, 44 Abs 225, Court of Appeals for this district, appeal dismissed for want of debatable constitutional question in 144 Oh St 639.

"2. The proviso contained in §13437-6 GC, 'that the prosecuting attorney, if seasonably requested by the defendant, or upon order of the court, shall furnish a bill of particulars setting up specifically the nature of the offense charged,' is a manda-

tory provision and the overruling of defendant's motion seasonably made to order the prosecuting attorney to furnish such bill of particulars constitutes error." **State v. Petro, 148 Oh St 473.**

"3. All objections to an indictment, because of vagueness, indefiniteness, uncertainty and insufficiency, are waived by failure to seasonably request a bill of particulars." **State v. Whitmore, 126 Oh St 381.**

The venturesome trio, as counsel for the State, court disaster in their demand that the defendants be denied a bill of particulars, and that they proceed to trial on the indictments, without further particulars, notwithstanding the statute providing for such bill of particulars.

In the above case No. 34975, as an example, the indictment in the first count is in the general terms only that Frank H. Kearns, as prosecuting attorney, did accept money to influence him with respect to his official duties; and yet counsel for the State insist that no further particulars are necessary to put the defendant on trial, notwithstanding his request for a bill of particulars under the statute authorizing such bill of particulars.

To hold that the indictment in the foregoing case is sufficient, notwithstanding the request for particulars, would make a mockery of the constitutional right of the accused to be advised in the indictment of the nature and cause of the accusation he is expected to meet. **Section 10, Article I, of the Ohio Constitution.**

" 'The nature and cause of the accusation' are not sufficiently stated to enable the accused to know what he might be expected to meet upon the trial; and it is neither consistent with general principles nor constitutional safeguards, to allow a man to be thus put to trial upon a criminal charge in the dark." Ranney, C. J., **p. 285,** case of **Dellingham v. State, 5 Oh St 280.**

"9. A high, technical degree of certainty in stating an offense in an indictment never was required in Ohio. 'Certainty to a common intent' has been the rule since 1853. **(Stoughton and Hudson v. State, 2 Oh St, 562,** approved and followed.)

"10. 'Certainty to a common intent' means that 'a criminal charge should be preferred with such certainty and precision as will reasonably apprise the party charged of that which he may expect to meet and be required to answer, and so that the court and jury may know what they are to try and the court may determine without unreasonable difficulty what evidence is admissible; also that the record to be made will be sufficiently definite to make it clear of what the party

has been put in jeopardy.' (**Du Brul v. State, 80 Oh St, 52,** approved and followed.)" Whitmore, supra.

The Court, therefore, renews its order in the foregoing cases that counsel for the State furnish the defendants a bill of particulars in each of the foregoing cases in accordance with §2941.07 **R. C.**